UNITED STATES, Appellee

v.

Casey D. RODERICK, Staff Sergeant
U.S. Air Force, Appellant

No. 05-0195

Crim. App. No. 34977

United States Court of Appeals for the Armed Forces

Argued November 8, 2005

Decided March 8, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and EFFRON and BAKER, JJ., joined.  CRAWFORD, J.,
filed a separate opinion concurring in part and dissenting in
part.

Counsel

For Appellant:  Captain Christopher S. Morgan (argued); Colonel
Carlos L. McDade and Major Sandra K. Whittington (on brief);
Lieutenant Colonel Mark R. Strickland.

For Appellee:  Lieutenant Colonel Michael E. Savage (argued);
Lieutenant Colonel Robert V. Combs, Lieutenant Colonel Gary F.
Spencer, and Major Michelle M. McCluer (on brief).

Military Judge:  David F. Brash


**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Casey Roderick pled guilty to receiving and possessing child pornography in violation of 18 U.S.C. § 2252A (2000), of the Child Pornography Prevention Act of 1996 (CPPA), as well as one specification of using a minor to create depictions of sexually explicit conduct in violation of 18 U.S.C. § 2251(a) (2000), of the CPPA, and one specification of committing indecent acts upon the body of a child, all charged under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). Roderick pled not guilty to two specifications of using a minor to create depictions of sexually explicit conduct in violation of 18 U.S.C. § 2251(a), one specification of committing indecent acts upon the body of a child, three specifications of taking indecent liberties with a child and one specification of wrongfully endeavoring to influence a witness, all charged under Article 134, UCMJ, as well. Roderick was convicted by a military judge sitting alone as a general court-martial of all charges except endeavoring to influence a witness and one specification of committing indecent acts upon a child. Roderick was sentenced to a dishonorable discharge, seven years of confinement and reduction to lowest enlisted grade.

The convening authority approved the sentence. The United States Air Force Court of Criminal Appeals modified the findings

United States v. Roderick, No. 05-0195/AF

with regard to the CPPA charges in light of the Supreme Court's ruling in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), and this court's decision in United States v. O'Connor, 58 M.J. 450 (C.A.A.F. 2003). United States v. Roderick, No. ACM 34977, 2004 CCA Lexis 246 (A.F. Ct. Crim. App. Oct. 29, 2004). The Air Force court affirmed Roderick's conviction on the child pornography charges as convictions of the lesser included offense of engaging in conduct that is of a nature to bring discredit upon the armed forces under clause 2 of Article 134, UCMJ. The court affirmed the remaining charges and Roderick's sentence. Id. at *15-*16.

We granted review in this case to determine whether Roderick's guilty plea to receiving child pornography was provident to the lesser included offense of service-discrediting conduct. We also considered whether there was legally sufficient evidence to support two of the specifications of using a minor to create child pornography and taking indecent liberties, whether the Air Force court properly performed the legal sufficiency review, and whether the charges against Roderick were multiplicious or unreasonably multiplied.[1] We

---

[1] We granted review of the following issues:

WHETHER APPELLANT'S ADMISSION THAT HIS [RECEIPT] OF "CHILD PORNOGRAPHY" WAS SERVICE DISCREDITING WAS KNOWING AND VOLUNTARY IN LIGHT OF THE FACT THAT HE WAS PROVIDED AN UNCONSTITUTIONALLY OVERBROAD DEFINITION OF "CHILD PORNOGRAPHY."

conclude that the lower court properly affirmed Roderick's plea
as provident to a lesser included offense and that the evidence
was legally sufficient to support the charge of using one of his
daughters to create sexually explicit images but not the other.
We conclude that the Air Force court, in performing its legal
sufficiency review, improperly relied on evidence that was not
before the military judge, but that the error was harmless.
Finally, we conclude that the charges against Roderick were not
multiplicious, but that the military judge erred by not
considering dismissal of the charges as a remedy for the
unreasonable multiplication of the charges.  We find no
prejudice to Roderick's sentence.

## BACKGROUND

Roderick is a single father of two young girls, CMR and
LMR.  While living on Andersen Air Force Base in Guam, Roderick
agreed to watch a friend's two children for the weekend.  The
next week, one of the visiting children -- eight-year-old SKA --

WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUSTAIN
APPELLANT'S CONVICTION FOR TAKING INDECENT LIBERTIES WITH
[CMR] AND [LNR] AND FOR HAVING THEM ENGAGE IN SEXUALLY
EXPLICIT CONDUCT FOR THE PURPOSE OF CREATING A VISUAL
DEPICTION OF IT.

WHETHER APPELLANT'S CONVICTION FOR VIOLATING 18 U.S.C.
SECTION 2251(a) BY USING A CAMERA SHIPPED IN INTERSTATE
COMMERCE TO PRODUCE SEXUALLY EXPLICIT PHOTOGRAPHS OF [CMR],
[LNR] AND [SKA] SHOULD BE DISMISSED IN LIGHT OF HIS
CONVICTIONS FOR COMMITTING INDECENT LIBERTIES WITH [CMR],
[LNR] AND [SKA] FOR TAKING THE IDENTICAL PHOTOGRAPHS.

had a regularly scheduled meeting with a psychologist. During the meeting, SKA told the psychologist that Roderick had sexually abused her and taken inappropriate photographs of her.

Based on SKA's report the Air Force Office of Special Investigation (AFOSI) launched an investigation. Agents searched Roderick's house and found computer disks, photographs, undeveloped film and negatives all depicting suspected child pornography, some of which Roderick had created and some of which he had downloaded from the Internet. Many of the photographs showed Roderick's own two daughters in various states of undress. Over one hundred of the photographs depicted SKA. In addition, AFOSI found three stories on Roderick's computer that described in graphic detail instances of sexual relations between fathers and their daughters.

## DISCUSSION

On appeal, Roderick raises three issues. He argues that his guilty plea to receiving child pornography was improvident, that the evidence was legally insufficient to convict him of using his daughters to create sexually explicit photographs or taking indecent liberties with his daughters, and that the charges of taking indecent liberties with all three girls were multiplicious or an unreasonable multiplication of charges. We will address each of Roderick's arguments in turn.

United States v. Roderick, No. 05-0195/AF

I.   <u>Providence of Guilty Plea to Receiving Child Pornography</u>

When an appellant challenges the providence of his guilty plea on appeal, we consider whether there is a "substantial basis in law and fact for questioning the guilty plea." <u>United States v. Jordan</u>, 57 M.J. 236, 238 (C.A.A.F. 2002) (citing <u>United States v. Prater</u>, 32 M.J. 433, 436 (C.M.A. 1991)). Roderick's first argument is that the Air Force court erred by affirming his conviction for receiving child pornography in violation of the CPPA as a lesser included offense under clause 2 of Article 134, UCMJ, which prohibits service-discrediting conduct.  Roderick argues that it was error to affirm his plea as provident to the lesser included offense because the military judge used an unconstitutional definition of "child pornography" during the providence inquiry, which made no distinction between images of "actual" and "virtual" children.

We resolved this issue in <u>United States v. Mason</u>, 60 M.J. 15 (C.A.A.F. 2004).  In <u>Mason</u> we held that "receipt or possession of 'virtual' child pornography can, like 'actual' child pornography, be service-discrediting or prejudicial to good order and discipline." <u>Id.</u> at 20.  Roderick's attempt to distinguish his case from <u>Mason</u> is unpersuasive.  As we stated in <u>Mason</u>, a charge of receiving child pornography under clause 2 of Article 134, UCMJ, can be based on "actual" or "virtual" images.  <u>Id.</u>  Thus, the military judge's definition which

6

included both "actual" and "virtual" images did not impact this lesser included charge.

Roderick admitted during the providence inquiry that he "failed to live up to" the "higher standard" that applies to members of the military.  Roderick admitted that his actions in downloading child pornography from the Internet "may lower the service in public esteem" if people became aware of what he was doing and that "under the circumstances [his] conduct . . . was of a nature to bring discredit upon the Armed Forces."  Roderick specifically emphasized that his conduct was service-discrediting because, as a member of the armed forces, he was held to a higher standard than civilians.  Roderick's response to the military judge's questions was sufficient to demonstrate an understanding that his conduct constituted a military offense irrespective of whether it would have been a crime in civilian society.  See United States v. Reeves, 62 M.J. 88, 96 (C.A.A.F. 2005); United States v. Hays, 62 M.J. 158, 168 (C.A.A.F. 2005). This expression of Roderick's clear understanding that his conduct in viewing and possessing child pornography on his computer was service-discrediting, and therefore prohibited by clause 2 of Article 134, UCMJ, was a sufficient basis for finding his conduct criminal.  Mason, 60 M.J. at 19. Accordingly, the Air Force court did not err.

## II. Legal Sufficiency

When testing for legal sufficiency, we look at "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." United States v. Turner, 25 M.J. 324, 324 (C.M.A. 1987) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Legal sufficiency is a question of law that we review de novo. Hays, 62 M.J. at 162.

Roderick argues that the photographs of his daughters did not depict "sexually explicit conduct" as is required for a conviction under 18 U.S.C. § 2251(a) and are therefore legally insufficient. Roderick further argues that since the evidence was legally insufficient to support the charge of "sexually explicit conduct" under 18 U.S.C. § 2251(a), it was also legally insufficient to support the specifications of taking indecent liberties with a child because the same photographs served as the basis for both charges.

Section 2251(a) prohibits any person from "us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means." 18 U.S.C. § 2251(a). The term "sexually explicit conduct" as defined by

United States v. Roderick, No. 05-0195/AF

18 U.S.C. § 2256(2) includes five different categories of conduct: sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or "lascivious exhibition of the genitals or pubic area of any person." Congress has not defined what constitutes a "lascivious exhibition."

Although this court has not had occasion to adopt a test for determining what constitutes a "lascivious exhibition," this issue has been considered by several federal circuit courts. All of the federal courts to address this question have relied, at least in part, on a set of six factors developed by the United States District Court for the Southern District of California in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987).[2] The so-called "Dost factors" are:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

---

[2] See United States v. Campbell, 81 F. App'x 532, 536 (6th Cir. 2003); United States v. Moore, 215 F.3d 681, 686 (7th Cir. 2000); United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999); United States v. Amirault, 173 F.3d 28, 31-32 (1st Cir. 1999); United States v. Knox, 32 F.3d 733, 747 (3d Cir. 1994); United States v. Wolf, 890 F.2d 241, 244-47 (10th Cir. 1989); United States v. Rubio, 834 F.2d 442, 448 (5th Cir. 1987).

      (5)   whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

      (6)   whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Id. at 832.  In addition to these six factors, several of the federal circuit courts have recognized that "[a]lthough Dost provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition."  United States v. Amirault, 173 F.3d 28, 32 (1st Cir. 1999); see also United States v. Campbell, 81 F. App'x 532, 536 (6th Cir. 2003); United States v. Knox, 32 F.3d 733, 747 (3d Cir. 1994).  These courts determine whether a particular photograph contains a "lascivious exhibition" by combining a review of the Dost factors with an overall consideration of the totality of the circumstances.  We adopt this approach.

    A.   Photos of CMR

At trial the military judge admitted nearly two dozen photos of CMR into evidence.  In his general verdict he announced that Roderick was guilty of Specification 1 -- using CMR to create sexually explicit photographs.  At the request of trial defense counsel, the military judge then entered special findings.  In his special findings, the military judge identified three of the photos of CMR that fell within the definition of "sexually explicit."

10

United States v. Roderick, No. 05-0195/AF

While CMR is fully or partially nude in each of the pictures cited by the military judge, none of the three photos specified by the military judge depicts her genitals or pubic area, a requirement of § 2256(2) and prerequisite to any analysis under Dost. Thus, the military judge's finding on Specification 1 was not supported by legally sufficient evidence. Accordingly, we are compelled to set aside the military judge's findings with regard to Specification 1 and dismiss the specification.

B.    Photos of LNR

In addition to the photos of CMR, the military judge admitted into evidence more than two dozen photos of LNR. He concluded that thirteen of these photos fell within the definition of "sexually explicit." Twelve of these photos depict LNR's pubic area and it could be considered the focal point of the image in at least eight of the photos. In all twelve photos, LNR is fully or partially nude. In addition, a reasonable factfinder could have concluded that these twelve photos were intended or designed to elicit a sexual response in the viewer.[3] Thus, the first, fourth and sixth Dost factors all

_____

[3] Roderick argues that "the viewer" should be defined as the average viewer rather than the accused specifically. However, the majority view among the federal circuit courts is that "[t]he 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video." Horn, 187 F.3d at 790 (emphasis added);

11

point to a "lascivious exhibition" of the pubic area in a number of photos of LNR.

Moreover, there are other factors that support the finding of "sexually explicit" images, including the fact Roderick had many nude photographs of his daughters rather than one or two, that Roderick's ex-wife characterized her husband as "highly interested" in pornography and testified that Roderick used their home computer to view pornography as part of "his ritual in the morning," and that Roderick admitted to downloading and possessing numerous images of child pornography. When these "other factors" are viewed in combination with the Dost factors, there is a clear basis on which a reasonable factfinder could have concluded that the photos of LNR satisfied the definition of "sexually explicit" photographs.

C. Indecent Liberties Charges

Roderick also argues that the evidence was not legally sufficient evidence to support the military judge's finding of guilty on the two specifications of taking indecent liberties with a child that concern his daughters. He takes the position that because the photos of his daughters were not sexually explicit, his actions in taking the photos were not indecent. As explained above, Roderick was properly convicted of using LNR

---

see also Knox, 32 F.3d at 747; Wolf, 890 F.2d at 247; United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987).

to create sexually explicit photographs and his arguments concerning LNR fail on that basis.  With regard to CMR, the elements of a charge of taking indecent liberties are:  (1) that the accused committed a certain act, (2) that the act amounted to the taking of certain liberties with a certain person, (3) that the accused committed the act in the presence of this person, (4) that the person was under sixteen years of age and not the spouse of the accused, (5) that the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions or sexual desires of the accused, the victim or both, and (6) that the conduct was prejudicial to good order and discipline or service-discrediting.  Manual for Courts-Martial, United States pt. IV, para. 87.b.(2) (2005 ed.).  There was ample evidence in the record on which a reasonable factfinder could conclude that Roderick took nude pictures of CMR and that he did so to arouse, appeal to or gratify his own sexual desires.  The evidence, viewed in a light most favorable to the Government, is legally sufficient to support both specifications of taking indecent liberties with CMR.

United States v. Roderick, No. 05-0195/AF

    D.    <u>The Air Force Court's Legal Sufficiency Review</u>[4]

When the Air Force court performed its factual and legal sufficiency review on the issue of whether the photos were sexually explicit, the court took into consideration three "incest stories" that were admitted into evidence by the military judge. <u>Roderick</u>, 2004 CCA Lexis 246, at *12. The lower court explained that it "considered these stories as evidence of the appellant's motive and intent in accordance with Mil. R. Evid. 404(b)" and ruled that the stories provided further support for the conclusion that Roderick "intended the photographs to elicit a sexual response in the viewer." <u>Id.</u>

A Court of Criminal Appeals is constrained by the bounds of the record from the court below when reviewing an appellant's guilt or innocence for legal or factual sufficiency. <u>United States v. Holt</u>, 58 M.J. 227, 232 (C.A.A.F. 2003); <u>United States v. Dykes</u>, 38 M.J. 270, 272 (C.M.A. 1993). Similarly, the Courts of Criminal Appeals are "precluded from considering evidence excluded at trial in performing their appellate review function under Article 66(c)." <u>Holt</u>, 58 M.J. at 232.

---

[4] Roderick asked this court to grant review of an additional issue to determine whether the Air Force court had properly considered the "incest stories" found on Roderick's computer as evidence that the photos were sexually explicit. We declined to grant a separate issue because the issue Roderick wished to raise was incorporated within the question of whether the lower court performed a correct legal sufficiency review.

At Roderick's trial the military judge admitted three of the four stories found on Roderick's home computer for a limited purpose. The military judge ruled that the stories would "be considered for the limited purpose of their tendency, if any, to prove the accused's intent with respect to Specifications 6 [indecent acts upon LNR], 8 [taking indecent liberties with CMR] and 9 [taking indecent liberties with LNR] alone." The military judge clearly ruled that the stories would "not be considered as to any other specification." Thus, it was error for the Air Force court to consider the stories as evidence of Roderick's intent to take "sexually explicit" photographs –– the subject of Specifications 1 and 2 –– but this error is harmless in light of the other evidence that the photos portrayed a "lascivious exhibition of the genitals."

III.  Multiplicity and Unreasonable Multiplication of Charges

A.  Multiplicity

"[I]f a court, contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct," the court violates the Double Jeopardy Clause of the Constitution. United States v. Teters, 37 M.J. 370, 373 (C.M.A. 1993). We conduct a de novo review of multiplicity claims. United States v. Pauling, 60 M.J. 91, 94 (C.A.A.F. 2004); United States v. Palagar, 56 M.J. 294, 296 (C.A.A.F. 2002).

15

Prior to trial, Roderick filed two motions to dismiss on multiplicity grounds. One motion sought dismissal of the indecent liberties charges involving Roderick's two daughters. The other motion sought dismissal of the indecent liberties charges involving SKA. The defense argued that the indecent liberties charges should be dismissed because they were multiplicious with the charges of using a minor to create sexually explicit photographs. The military judge denied both motions. He concluded that the specifications alleging use of a minor to create sexually explicit images and the specifications alleging the taking of indecent liberties each required proof of an element that the other did not.

The Double Jeopardy question raised in this case is whether Congress intended for one appellant at a single court-martial to be convicted of both using a minor to create sexually explicit photographs in violation of 18 U.S.C. § 2251(a) and taking indecent liberties with a minor by taking sexually explicit photographs. See Teters, 37 M.J. at 373. Since Article 134, UCMJ, and 18 U.S.C. § 2251(a) are both silent on the question of multiple convictions, we analyze Congress' intent using the separate elements test established in Blockburger v. United States, 284 U.S. 299, 304 (1932). Teters, 37 M.J. at 376-77. In so doing, we look at both the statute and the specification to

determine the essential elements of each offense.  United States
v. Weymouth, 43 M.J. 329, 333 (C.A.A.F. 1995).

The Government argues that each of the charges in question
requires proof of an additional fact that the other does not.
The Government takes the position that only the § 2251(a) charges
required proof that Roderick used materials that passed in
interstate commerce and only the indecent liberties charges
required proof that Roderick took the pictures with the intent to
satisfy his sexual desires.

Roderick responds with three arguments that are ultimately
unsuccessful.  Roderick first argues that the interstate commerce
element of the § 2251(a) charges should be disregarded because it
is nothing more than a "limiting jurisdictional factor" that is
"almost useless" since virtually all film, cameras and
photographic chemicals travel in interstate commerce.  In support
of this argument Roderick cites United States v. Rodia, 194 F.3d
465, 468 (3d Cir. 1999), where the court upheld a related
statutory section against a Commerce Clause challenge.[5]  Roderick
has not, however, identified any authority which would allow this

_____

[5]  Rodia challenged Congress' power under the Commerce Clause to
enact 18 U.S.C. § 2252.  United States v. Rhodia, 194 F.3d 465,
468 (3d Cir. 1999).  The court found that the jurisdictional
hook (interstate commerce) was "only tenuously related to the
ultimate activity regulated," and characterized the
jurisdictional hook at "almost useless."  Id. at 473.  Roderick
cites Rodia for the proposition that the jurisdictional language
within § 2251(a), a related statutory section, is also "almost
useless" and should be disregarded.

court to disregard a statutory element of a crime during a multiplicity analysis simply because the same element was used by Congress as a jurisdictional hook and the element is readily established.

Next, Roderick argues that the indecent liberties charges were predicated on the taking of sexually explicit photographs and it is virtually impossible to take such photographs using only materials that originated in-state. On that basis Roderick concludes that "interstate commerce" is an element of the indecent liberties charge and it is therefore multiplicous with the § 2251(a) charge. Nothing in Article 134, UCMJ, or the wording of Specifications 8 through 10 creates "using materials that have traveled in interstate commerce" as an additional element of the indecent liberties charges and we are not prepared to create an element that is unsupported by the statute or the language of the specification.

Finally, Roderick argues that the § 2251(a) charges can be construed to include the same "intent to satisfy his sexual desires" element as the indecent liberties charges. Roderick argues that to the extent this court interprets the sixth Dost factor, which looks at whether the visual depiction is intended or designed to elicit a sexual response in the viewer, as applying specifically to him and other likeminded viewers, the court has imported the element of Roderick's intent to satisfy

18

his sexual desires into the § 2251(a) crime.  We disagree with this analysis.  Our ruling that the photographs constitute a "lascivious exhibition of the genitals or pubic area" based, among other things, on their intended effect on the viewer, does not equate with a ruling that satisfaction of Roderick's sexual desires was a required element of the § 2251(a) charge.  As explained above, the Dost factors are only guidelines designed to help the courts determine whether a particular image constituted a "lascivious exhibition."

In conclusion, despite Roderick's creative arguments, he has failed to establish that the offenses in question contain the same elements for purposes of the Blockburger analysis.  Accordingly, we agree with the lower court that there is no reason to disturb the military judge's ruling on Roderick's multiplicity motions.

B.    Unreasonable Multiplication of Charges

During argument on the motions, trial defense counsel suggested that the military judge could also dismiss the indecent liberties specifications using the "equitable doctrine of unreasonable multiplication."  The defense argued that it was fundamentally unfair to charge Roderick multiple times for the same picture-taking episodes.[6]

_____

[6] It is worthy of note that although trial defense counsel couched his argument in terms of "fairness," we held in United States v. Quiroz, 55 M.J. 334, 338-39 (C.A.A.F. 2001), that the

In ruling on Roderick's motions, the military judge concluded that he had "no power at the findings phase to address allegations of unreasonable multiplication of charges outside the multiplicity realm."  He went on to conclude that his only option was to consider whether there was an unreasonable multiplication of charges that required sentencing relief.  After handing down his findings, the military judge ruled that for sentencing purposes the specifications alleging a violation of § 2251(a) would be merged with the indecent liberties specifications, leaving only three specifications each with a maximum penalty of twenty years in confinement.

Multiplicity and unreasonable multiplication of charges are two distinct concepts.  United States v. Quiroz, 55 M.J. 334, 337 (C.A.A.F. 2001).  While multiplicity is a constitutional doctrine, the prohibition against unreasonable multiplication of charges is designed to address prosecutorial overreaching.  Id.  In Quiroz, we explained:  "[E]ven if offenses are not multiplicious as a matter of law with respect to double jeopardy concerns, the prohibition against unreasonable multiplication of charges has long provided courts-martial and reviewing authorities with a traditional legal standard -- reasonableness -- to address the consequences of an abuse of prosecutorial discretion. . . .  Id. at 338.  Using this reasoning in Quiroz,

doctrine of unreasonable multiplication of charges is a doctrine

20

we tacitly acknowledged dismissal of unreasonably multiplied charges as a potential remedy while also approving consolidation of the charges for sentencing purposes as a viable alternative. Id. at 339. Today we make our ruling clear. Dismissal of unreasonably multiplied charges is a remedy available to the trial court.

In Roderick's case, the military judge did not consider dismissal an option that was available to him. Thus, we find that the military judge erred. Furthermore, Roderick was prejudiced by the error because he was convicted of three additional charges. Accordingly, with respect to SKA and LNR, we will dismiss the indecent liberties charges (Specifications 9 and 10) and leave only the § 2251(a) charges (Specifications 2 and 3). This results in no change in the maximum available sentence, which is still twenty years of confinement for each violation of § 2251(a). As we have already found a lack of legal sufficient evidence to support the § 2251(a) charges involving CMR and will dismiss that specification (Specification 1), there is no need to dismiss the indecent liberties charge involving CMR (Specification 8) because it no longer represents an unreasonable multiplication of charges.

---

of reasonableness and not an equitable doctrine of fairness.

21

United States v. Roderick, No. 05-0195/AF

## SENTENCE

We find that as a result of these errors, there was no prejudice as to Roderick's sentence.  See Article 59(a), UCMJ. The dismissal of Specification 1 for the charges related to CMR results in a twenty-year reduction in the maximum available sentence.  As a result of our reinstatement of the indecent liberties charge involving CMR, the maximum sentence increased by seven years.  This results in an overall reduction in the maximum available sentence from 107 years to 94 years.  We find that this difference is insubstantial in light of the total maximum sentence that the military judge could have adjudged and in view of the adjudged sentence of seven years.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals with respect to the findings of guilty to Specifications 1, 9 and 10 of the Charge is reversed and those specifications are dismissed.  The remaining findings of guilty and the sentence are affirmed.

22

United States v. Roderick, No. 05-0195/AF

CRAWFORD, Judge (concurring in part and dissenting in part):

I concur with the majority that Appellant's plea of guilty to receiving child pornography was provident as to the lesser included offense involving service-discrediting conduct. I also concur with the majority's holding as to the legal sufficiency of the evidence concerning the use of a minor to create child pornography and taking indecent liberties.

While I agree the charges mentioned by the majority are not multiplicious, I respectfully dissent from the holding there was unreasonable multiplication of charges. The military judge's action in this case in consolidating the charges and specifications for sentencing was more than a sufficient remedy.