UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 DARPINO, KERN, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ANDRES PADILLA II
 United States Army, Appellant

 ARMY 20090388

 Headquarters, Joint Base McGuire-Dix-Lakehurst
 Theodore Dixon, Military Judge
 Lieutenant Colonel Mark A. Nozaki, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan F.
Potter, JA; Major Laura R. Kesler, JA; Captain Jennifer A. Parker, JA (on
brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

 1 September 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of violating a lawful order, indecent
exposure, indecent acts and possession of child pornography, in violation
of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892
and 934. The military judge sentenced appellant to reduction to E1,
confinement for twelve months, and a bad-conduct discharge. The convening
authority approved the sentence as adjudged.

 On appeal, appellant raised an assignment of error regarding the
possession of child pornography specification of which he was convicted.*
That specification alleged appellant knowingly possessed child pornography,
which was of a nature to bring discredit upon the armed forces. Appellant
contends that the plea fails because the underlying evidence forming the
basis of the charge does not constitute child pornography. In particular,
appellant argues that the military judge did not have him fully describe
the video of his thirteen-year-old niece masturbating in the shower he
admitted to possessing, and that the nude images he had of his niece do not
have as their focal point genitalia or the pubic area.

 We review a military judge’s decision to accept a plea of guilty “for
an abuse of discretion and questions of law arising from the guilty plea de
novo.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). A
guilty plea will be set aside on appeal only if an appellant can show a
substantial basis in law or fact to question the plea. Id. (citing United
States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this
“substantial basis” test by determining whether the record raises a
substantial question about the factual basis of appellant’s guilty plea or
the law underpinning the plea. Id. See Article 45, UCMJ; Rule for Court-
Martial [hereinafter R.C.M] 910(e).

 We find that in this case, the video of a thirteen-year-old child
masturbating is on its face and without further explanation sexually
explicit conduct constituting child pornography. The appellant’s admission
of possessing this video alone upholds the factual underpinning for a
finding of guilty to possession of child pornography. "A providence
inquiry into a guilty plea must establish . . . that the accused believes
he is guilty [and] that the factual circumstances as revealed by the
accused himself objectively support that plea." United States v. Garcia,
44 M.J. 496, 497-98 (C.A.A.F. 1996) (citations omitted). See also R.C.M.
910(e). During the providence inquiry regarding the specification in
question, appellant admitted that he possessed a video of his niece, a
minor. He stated, “[t]here is a video of her masturbating in the shower.”
While describing the nature of the images and the video to the military
judge, the appellant further testified, “I believe these images were sexual
in nature. We had an ongoing e-mail dialog of a sexual nature, and the
images were sent as part of that dialog.” The stipulation of fact clearly
lists each element of the specification in question. The stipulation of
fact defines child pornography as “any visual depiction, including
photograph, film, video, . . . of sexually explicit conduct where the
production of such visual depiction involves the use of minors engaging in
sexually explicit conduct” and includes masturbation as “sexually explicit
conduct.” The appellant signed the stipulation of fact and did not object
to its introduction. We conclude, based on the appellant’s providence
colloquy, coupled with the stipulation of fact that the military judge
conducted a legally sufficient inquiry under United States v. Care, 40
C.M.R. 247, 253 (C.M.A. 1969) with which to accept appellant’s guilty plea
to possession of child pornography.

 With regards to the photo images, the accused admitted to possessing
pictures of his naked thirteen-year-old niece with her breasts exposed and
her pubic area exposed. The appellant further agreed during the providence
inquiry that the pictures he possessed were the lascivious exhibition of
the genitals or pubic area of his thirteen-year-old niece and thereby
constituted child pornography. We reviewed the appellate exhibit
containing the pictures that were on the appellant’s laptop computer which
included pictures of his thirteen-year-old niece: posing topless exposing
her bare breasts and wearing a bikini bottom; posing naked seated in a
bathtub with the side of her bare breast exposed and her knees raised up
out of the water; posing while standing naked with her back turned to the
camera, buttocks exposed, and head turned looking back at the camera; and
posing naked laying on her back on the floor caressing one breast with her
hand and the other bare breast exposed and her knee up and legs crossed
exposing her pubic area.

 We do not rule out the possibility that there may be images of the
victim that would constitute child pornography that do not show the pubic
area or genitals. However, we need not make such a finding here. In this
case, upon combining a review of the factors set out in United States v.
Dost, 636 F.Supp 828 (S.D. Cal 1986); “with an overall consideration of the
totality of the circumstances,” United States v. Roderick, 62 M.J. 425,
430, it is clear that the picture of the thirteen-year-old victim posing on
the floor exposing her pubic area is a lascivious exhibition amounting to
child pornography. Therefore, we find that the military judge did not
abuse his discretion in accepting the appellant’s guilty plea.

 CONCLUSION

 We have considered appellant's other assignments of error, including
matters raised pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982) and find them to be without merit. On consideration of the entire
record, we hold the findings of guilty and sentence as approved by the
convening authority correct in law and fact. Accordingly, those findings
of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
* Appellant assigned the following error: THE MILITARY JUDGE ABUSED HIS
DISCRETION BY ACCEPTING APPELLANT’S PLEA OF GUILTY TO SPECIFICATION 1 OF
CHARGE III (POSSESSION OF CHILD PORNOGRAPHY) WHEN THE IMAGES AT ISSUE,
ATTACHED AS APPELLATE EXHIBIT (AE) XXIV, SET UP A MATTER INCONSISTENT WITH
THE PLEA THAT THE MILITARY JUDGE DID NOT RESOLVE.