STUCKY, Judge
(concurring in the result):
Although I concur in affirming the judgment of the United States Air Force Court of Criminal Appeals, upon reflection I cannot join the majority in perpetuating the mess that constitutes our multiplicity and unreasonable multiplication of charges jurisprudence: “This is not justice; this is chaos!” United States v. Baker, 14 M.J. 361, 372 (C.M.A.1983) (Cook, J., dissenting) (speaking of this Court’s multiplicity jurisprudence).
The majority dispatches, correctly, the concept of multiplicity for sentencing but raises in its place a new doctrine of unreasonable multiplication of charges for sentencing. I believe that there is no legal basis for either doctrine and, instead of trying to patch holes or fabricate new doctrine in this area, we should simply adopt Supreme Court precedent: there is only one doctrine — multiplicity.
I.
Multiplicity is a doctrine, rooted in the Constitution’s Fifth Amendment Double Jeopardy Clause, which provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const. amend. V; see United States v. Teters, 37 M.J. 370, 373 (C.M.A.1993). “[The Double Jeopardy Clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 803, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
*26 “Obviously, the scope of each of these three protections turns upon the meaning of the words ‘same offense,’ a phrase deceptively simple in appearance but virtually kaleidoscopic in application.” Whalen v. United States, 445 U.S. 684, 700, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (Rehnquist, J., joined by Burger, C.J., dissenting). But as the Supreme Court has recognized, when Congress creates two distinct offenses, there is a presumption “that it intends to permit cumulative sentences, and legislative silence on this specific issue does not establish an ambiguity or rebut this presumption.” Garrett v. United States, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). Thus, unless Congress has expressly stated otherwise, a multiplicity violation is determined by applying the elements test. United States v. Morrison, 41 M.J. 482, 483 (C.A.A.F.1995) (citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).
Insofar as this Court held in United States v. Quiroz that there exists a doctrine of unreasonable multiplication of charges separate from multiplicity, we were wrong. See 55 M.J. 334, 345 (C.A.A.F.2001) (Sullivan, J., dissenting) (“Judicial action thus transforms a hortatory principle of military justice (that a single instance of misconduct should not give rise to an unreasonable multiplication of charges by the prosecution) into a legally enforceable right of an accused_”). It is a judicially created doctrine that has done more harm than good and is without a basis in statute. Military courts are Article I courts of limited jurisdiction, with powers defined entirely by statute. United States v. Wuterich, 67 M.J. 63, 70 (C.A.A.F.2008). Congress alone defines the elements of offenses in the military, see United States v. Jones, 68 M.J. 465, 478 (C.A.A.F.2010), and it delegated its power to determine most maximum and minimum sentences to the President, not the military judge, see Article 56, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 856 (2006). Multiplicity for sentencing is a purely judge-made doctrine that has done more harm than good. See Quiroz, 55 M.J. at 349-50 (Sullivan, J., dissenting).[1]
If a conviction can be had for both offenses, that is, the offenses are not multipli-cious, then the maximum sentence prescribed by the President is the total of the maximum sentences for those offenses. To the extent a remedy is needed for prosecutorial overreaching or excessive sentences falling within the prescribed maximum, Congress provided it in the statutory authority of the Courts of Criminal Appeals to “affirm only such ... sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006). We have held that the CCAs have the power to determine whether a sentence is appropriate as a matter of fact. United States v. Baier, 60 M.J. 382, 384 (C.A.A.F.2005) (“A Court of Criminal Appeals must determine whether it finds the sentence to be appropriate.... As the Army Court has recognized, Article 66(e)’s sentence appropriateness provision is a sweeping Congressional mandate to ensure a fair and just punishment for every accused.”) (quotation marks and footnote omitted). This statutory power of the CCAs should be the safety valve in sentencing, rather than a judicially created doctrine that has proved exceedingly difficult to apply.
II.
Whether two offenses are the same for double jeopardy purposes is a question of law *27 we review de novo. See Costo v. United States, 904 F.2d 344, 346 (6th Cir.1990); United States v. Brechtel, 997 F.2d 1108, 1112 (5th Cir.1993). In this case, Appellant was convicted of making a false official statement, larceny, and unlawful possession of controlled substances. Applying the Block-burger elements test, each offense is separate from the other — each contains an element not included in the others — and, as Congress has been silent, we should presume that Congress intended to permit cumulative sentences. Garrett, 471 U.S. at 793, 105 S.Ct. 2407. I see nothing to rebut that presumption.
Therefore, I conclude that the offenses are separate and the maximum sentence in this case should have been the cumulative maxi-ma for the three separate offenses. The military judge therefore did err by merging the specifications for sentencing. However, the error did not stem from the military judge’s failure to dismiss the specifications under United States v. Roderick, 62 M.J. 425, 433 (C.A.A.F.2006). Rather, the military judge erred by applying the unreasonable multiplication of charges doctrine to limit the maximum punishment for charges that were not multiplicious. However, Appellant was not prejudiced by this error; rather, it inured to his benefit. For this reason, I concur with the majority in affirming the judgment of the United States Air Force Court of Criminal Appeals.

. The unreasonable multiplication of charges doctrine appears to stem from a misunderstanding of Colonel Winthrop’s admonition that “unnecessary multiplication of forms of charge for the same offense should always be avoided.” William Winthrop, Military Law and Precedents 143 (2d ed., Government Printing Office 1920) (1895) (emphasis added). Contrary to the treatises of the day, which encouraged pleading every possible contingency, Colonel Winthrop counseled that:
the peculiar authority of a court-martial to make corrections and substitutions in its Findings, and to convict of a breach of discipline where the proof fails to establish the specific act alleged, the charging of the same offence under different forms is much less frequently called for in the military than in the civil practice.
Id. He was not suggesting an equitable doctrine that would limit the number of charges brought against an accused.