BAKER, Chief Judge
(dissenting):
INTRODUCTION
This case highlights a problem in military child pornography prosecutions. A definition for child pornography that accounts for clauses (1) and (2) of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), does not exist in statute, the Manual for Courts-Martial,[1] or case law. The lead case in this area, United States v. Roderick, 62 M.J. 425 (C.A.A.F.2006), was a prosecution for various violations of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260 (2006), under clause (3) of Article 134, UCMJ. Thus, it addressed the term “lascivious exhibition of the genitals or pubic area of any person,” solely within the context of the CPPA. Roderick, 62 M.J. at 429. However, in contrast to Roderick, this case was not charged as a violation of the CPPA.
Nonetheless, the Court has missed an opportunity to clearly, specifically, and contextually define what constitutes child pornography in an Article 134, UCMJ, clause (1) or (2) case. To the contrary, the Court appears to have reached the troubling conclusion that photographs of naked children in lascivious poses, which satisfy all but one of the Dost[2] factors, but that do not show genitalia or the pubic area, are not only not service discrediting, they are constitutionally protected.
DISCUSSION
All of the pictures at issue in this ease meet a common sense definition of child pornography. They include pictures of Appellant’s twelve-year-old stepdaughter getting out of the shower nude with a towel barely and briefly covering her pubic area. All else is seen. In a majority of the pictures, the child is looking at the camera and appears to be posing. Thus, there are two threshold legal problems presented in this case.
First, although Appellant was charged with a violation of Article 134(1) and (2), UCMJ, the military judge instructed the members using the definition of child pornography found in the CPPA, which is used to define child pornography when charging a violation of the CPPA under clause (3). Slightly altering the CPPA’s text, the military judge defined child pornography as “any visual depiction, including any photograph, film, video, picture, or computer image, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of an actual minor engaging in sexually explicit conduct.” Cf. 18 U.S.C. § 2256(8)(A). The military judge also defined sexually explicit conduct as, among other things, a “lascivious exhibition of the genitals or pubic area of any person.” Finally, the military judge defined a “lascivious exhibition” consistent with the definition of that term adopted in Roderick. Since some of the pictures in this case do not show the genitals or the pubic area, the lower *135 court’s conclusion was that the evidence contained in those photos did not satisfy the instruction given by the military judge to the members of the court-martial. However, in my view the military judge used an incorrect and overly narrow definition of child pornography for the purpose of Article 134(1) and (2), UCMJ, at trial as did the Court of Criminal Appeals.
This leads to the second threshold problem. The underlying legal question this case poses is whether pictures such as these could constitute child pornography for the purpose of an offense under Article 134(1) and (2), UCMJ, even if they do not qualify as child pornography for the purpose of the CPPA as prosecuted under clause (3), because they do not exhibit the genitals or the pubic area.
In my view, we should look to Roderick to establish a clear definition of what constitutes child pornography for the purposes of clauses (1) and (2) of Article 134, UCMJ. In Roderick we concluded that the determination whether a particular photograph contained a “lascivious exhibition” could be made “by combining a review of the Dost factors with an overall consideration of the totality of the circumstances.” 62 M.J. at 430. In adopting this standard we recognized that “although Dost provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition.” Id. at 429-30 (quoting United States v. Amirault; 173 F.3d 28, 32 (1st Cir.1999)) (quotation marks omitted). This standard is easily adapted for defining child pornography for prosecutions under clauses (1) and (2) of Article 134, UCMJ.
The question under Article 134(1) and (2), UCMJ, is whether images must satisfy all of the Dost factors, or whether one should “combin[e] a review of the Dost factors with an overall consideration of the totality of the circumstances.” Roderick, 62 M.J. at 430. The circumstances surrounding the possession, distribution, or creation of certain images in a given case might implicate concerns for good order and discipline or the reputation of the service that have no relevance or parallel in civilian society. Those same circumstances might also relate to the Dost factors generally, and not just to the depiction of the genitals or pubic area. For example, military life may impose additional responsibilities and concerns regarding dependents and housing that do not exist in civilian life. My approach would take into consideration all of the Dost factors along with the totality of the circumstances with no particular factor being determinative. In other words, the definition need not be limited to the display of the genitalia or the pubic area.
The Court has not adopted this approach. Rather it applies the CPPA definition muta-tis mutandis to service discrediting child pornography. Remarkably, the Court has gone even further, and concluded that since the images in question do not depict the genitals or pubic area they are necessarily constitutionally protected. There appears to be no middle ground. According to the majority, a picture is either child pornography based on the statutory definition under the CPPA or it is constitutionally protected speech. But conduct that may not be criminal in the civilian context is not necessarily constitutionally protected. Therefore, even though I agree with the majority that the Court is constrained in this case by the definitions provided by the military judge, I do not agree with its holding regarding the images excluded by the lower court.
I had thought that this Court had recognized a distinction in the handling of child pornography between civilian and military contexts. In United States v. Forney, for example, the majority opinion explicitly noted in the child pornography context, “That the possession of virtual child pornography may be constitutionally protected speech in civilian society does not mean it is protected under military law.” 67 M.J. 271, 275 (C.A.A.F.2009). The conclusion I reached in my dissent in United States v. Beaty, is as valid today as it was then, namely, that in light of Forney, the scope of punishable child pornography in the military is broader than that punishable under the CPPA. 70 M.J. 39, 47 (C.A.A.F.2011) (Baker, J., dissenting). The images excluded by the lower court in *136 this case depict Appellant’s twelve-year-old stepdaughter in various states of undress and in poses that reasonable court-martial members could have concluded were not only inappropriate, but lascivious and service discrediting, given the context of the ease. Whatever may be said of them, it cannot be said that the taking of these images is constitutionally protected activity in the military.
The First Amendment is not as encompassing as the majority’s opinion suggests. A number of factors must be considered, including the nature of the pictures, the subject of the pictures, and whether creating, distributing or possessing the images occurs in the military context. Put simply, some of the pictures in this case may not have met the statutory definition given by the military judge, but this does not mean that a military member has a constitutional right to take nude pictures of his child posed for the purpose of sexual gratification so long as the pubic area is not exhibited. In the military context, the constitutional analysis as it pertains to civilians does not apply. Among other things, the military has an obligation to protect the dependents of its servicemembers to meet the ends of good order and discipline.
It would also seem that if conduct is constitutionally protected, it could never be subject to either military or civilian criminal sanction. The majority recognizes, as it must, that under Parker v. Levy,[3] and our own case law, “under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces.” 71 M.J. 127, 130-31 (C.A.A.F. 2012). In this case, the specification under which Appellant was convicted alleged conduct prejudicial to good order and discipline and conduct likely to bring discredit. The members were given the definitions of service discrediting conduct and prejudice to good order and discipline. Thus, the prosecution necessarily proceeded on a theory requiring this Court to determine whether the CPPA definition is the correct definition of child pornography in the Article 134(1) and (2), UCMJ, context. Accordingly, either this conduct is constitutionally protected, and therefore free from criminal sanction, or it is not, and therefore subject to prosecution as conduct that is service discrediting or prejudicial to good order and discipline. It cannot be both, and it is certainly not constitutionally protected conduct.
Putting aside the definitional issue, because I believe the images in this case are not constitutionally protected, I would review the lower court’s decision under Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). In Griffin, the Supreme Court struck a distinction between general verdicts that rely in part upon “legal error,” a mistake about the law, and general verdicts that are based in part on “a mistake concerning the weight or the factual import of the evidence.” Id. at 59, 112 S.Ct. 466. Regarding the former, such verdicts must be set aside because:
[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law .... When ... jurors have been left the option of relying on a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error.
Id. (emphasis added). Conversely, general verdicts that rely in part on a mistake concerning the weight of the evidence should be upheld. The Supreme Court’s reasoning here was that “when [jurors] have been left the option of relying upon a factually inadequate theory ... jurors are well equipped to analyze the evidence” and are presumed to have done so. Id. (emphasis added).
Regarding the four images that did not meet the specific guidelines in the CPPA, the Court of Criminal Appeals stated, “We find PE 23, 24, 25, and 26 are legally and factually insufficient.” United States v. Barberi, No. ARMY 20080636, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (A.Ct.Crim.App. Feb. 22, 2011) (unpublished) (per curiam). Since that court ultimately upheld the general verdict in this case, it may be that it found the *137 evidence regarding the images to be factually inadequate. However, it is unclear, Therefore, I would remand to the lower court to have it frame its reasoning consistent with the Griffin analysis.
For the reasons stated above, I must respectfully dissent.

. Manual for Courts-Martial, United States (2008 ed.) (MCM).

. United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal. 1986) (aff’d sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir.1987)).

. 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).