# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman JUSTIN LEGASPI
### United States Air Force

## ACM 38344

## 30 July 2014

Sentence adjudged 13 February 2013 by GCM convened at Minot Air Force Base, North Dakota. Military Judge: Grant L. Kratz.

Approved Sentence: Dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Colonel Don M. Christensen; Colonel William R. Youngblood; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of wrongfully possessing Ecstasy, methylone, psilocybin, and marijuana; wrongfully using Ecstasy, methylone, and marijuana on divers occasions, and wrongfully using psilocybin on one occasion; wrongfully distributing Ecstasy on divers occasions; wrongfully introducing Ecstasy, methylone, and psilocybin onto a military installation; and wrongfully manufacturing marijuana, in violation of Article 112a,

UCMJ, 10 U.S.C. § 912a.[1]  The court-martial sentenced him to a dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant argues, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that the military judge erred when he denied a motion to dismiss the possession and introduction offenses as multiplicious of the use of those same drugs.  Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

After the appellant tested positive for Ecstasy during a random urinalysis, he was interviewed several times by military investigators in October 2012.  During those interviews, he admitted to involvement with four types of contraband substances. Corroborating evidence of that involvement was found during searches of his residence.

The appellant told investigators he decided in 2009 to begin growing marijuana. He ordered the necessary equipment and seeds over the internet and had these items mailed to his on-base residence on Minot Air Force Base.  After growing one plant for approximately one month, the appellant harvested 2–3 ounces of marijuana, some of which he smoked every three days over a several-month time period.  Investigators searching the appellant's residence found hydroponic equipment and a glass pipe containing marijuana residue.  For this conduct, the appellant was charged with using marijuana on divers occasions, manufacturing it, and possessing it.  He was convicted of all three specifications.

The appellant also admitted to buying Ecstasy, methylone, and psilocybin over the internet on one occasion in 2012 and having the contraband mailed to his on-base residence.  The drugs arrived in two separate shipments; one contained the Ecstasy and the other contained the methylone and psilocybin.  He told investigators he began using the drugs soon after they arrived.  Over multiple occasions, the appellant used 12–15 of the 50 Ecstasy pills and almost half of the methylone he had purchased.  He also used approximately one-third of the psilocybin when he ingested it on one occasion. Investigators found what remained of these drugs during their search of the appellant's residence and car several months later.  For this conduct, the appellant was charged with and convicted of three specifications of wrongful introduction of a controlled substance onto a military installation (one for each drug), three specifications of wrongful use of a

---

[1]  The appellant was acquitted of wrongfully possessing Ecstasy in or at a missile launch facility and adultery, alleged as violations of Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934.

controlled substance (one for each drug), and three specifications of wrongful possession of a controlled substance (one for each drug).[2]

The defense moved to dismiss the possession and introduction specifications as being multiplicious with the use specifications or, in the alternative, as an unreasonable multiplication of charges. The essence of the appellant's argument was that he engaged in a single and continuous offense for each drug yet his criminality was exaggerated by the Government's decision to charge him with multiple specifications for each drug.

The military judge initially denied the motion after finding the specifications were not multiplicious but, during the sentencing phase, he merged some of the specifications for sentencing purposes after finding the charging scheme unfairly exaggerated the appellant's criminality and maximum sentence. Specifically, he "folded" the Ecstasy, methylone, and psilocybin possession offenses into the wrongful introduction offense for each controlled substance. He also "folded" the possession of marijuana into the manufacturing offense. This lowered the appellant's potential maximum sentence of 66 years of confinement to 49 years of confinement.

*Multiplicity*

On appeal and pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant continues to assert that the possession and introduction specifications are multiplicious with the use specifications and asks this Court to dismiss them. Specifically, he argues that each group of specifications "are essentially the same transaction, charged within the [same] time frame and are not factually distinct."

This Court reviews multiplicity issues de novo. *United States v. Anderson*, 68 M.J. 378, 385 (C.A.A.F. 2010). Multiplicity in violation of the Double Jeopardy Clause of the Constitution[3] occurs when "'a court, contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct.'" *Id.* (quoting *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006)) (emphasis omitted). The Supreme Court has recognized that when Congress creates two distinct offenses, there is a presumption "that it intends to permit cumulative sentences, and legislative silence on this specific issue does not establish an ambiguity or rebut this presumption." *Garrett v. United States*, 471 U.S. 773, 793 (1985).

---

[2] Based on his admission that he gave two Ecstasy pills to another airman's spouse, the appellant was also charged with and convicted of distributing Ecstasy. This specification was not part of the appellant's motion to dismiss. That motion did cover two specifications of possessing Ecstasy in or at a missile launch facility but he was acquitted of those specifications.

[3] U.S. CONST. amend. V.

"Thus, unless Congress has expressly stated otherwise, a multiplicity violation is determined by applying the elements test." *United States v. Campbell*, 71 M.J. 19, 26 (C.A.A.F. 2012) (citing *United States v. Morrison*, 41 M.J. 482, 483 (C.A.A.F. 1995)). "The applicable rule is that, where the *same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added). Accordingly, multiple convictions and punishments are permitted for a distinct act if the two charges each have at least one separate statutory element from each other.

Here, the appellant was not charged with multiple specifications resulting from the same act or transaction. His introduction of a controlled substance onto the base was a distinctly separate criminal act from his use of that controlled substance at a later time and his continued possession of unused portions, both as a factual matter and under the elements test. Similarly, the appellant's possession and use of the controlled substances did not stem from the same act or transaction because he possessed the controlled substances on distinct occasions separate from the times he was using it. This is not a circumstance where his acts of possession occurred only when he was engaged in other criminal activity involving the illegal substance. *Cf. United States v. Bullington*, 18 M.J. 164, 164-65 (C.M.A. 1984) (finding specifications alleging the possession and use of the same amount of a controlled substance to be multiplicious).

Therefore, the introduction, use, and possession specifications are not multiplicious with each other. Furthermore, the military judge did not abuse his discretion by merging the specifications for sentencing but allowing the separate convictions to stand. *See Campbell*, 71 M.J. at 25 (C.A.A.F. 2012); *Roderick*, 62 M.J. at 433.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[4] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[4] We note the court-martial order (CMO), dated 7 May 2013, erroneously adds the words "on divers occasions" to Specification 9 of the Charge (wrongful use of psilocybin). There is also a typographical error regarding Specification 15 of the Charge, where the CMO provides the end of the charging window as "20 April 2010" vice "30 April 2010." Accordingly, we order promulgation of a corrected CMO. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court