# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JOEL T. SHARP**
**United States Army, Appellant**

ARMY 20130998

Headquarters, Fort Knox
Tyesha L. Smith, Military Judge (arraignment)
Steven E. Walburn, Military Judge (trial)
Colonel Christopher T. Fredrikson, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Daniel D. Derner, JA; Captain Daniel H. Karna, JA (on brief).

25 November 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of damage to non-military property of a value of more than $500.00, one specification of damage to non-military property of a value of less than $500.00, one specification of larceny of property of a value of more than $500.00, and one specification of larceny of property of a value of less than $500.00, in violation of Articles 109 and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 909, 921 (2012).  The convening authority approved the adjudged sentence of a bad-conduct discharge, four months confinement, forfeiture of $500.00 pay per month for four months, and reduction to the grade of E-1.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant argues that Specification 1 of Charge I (larceny of a trailer) constitutes an unreasonable multiplication of charges for findings with Specification 2 of Charge I (larceny of tools located inside of the trailer).  Appellant asks this court to dismiss

Specification 2 of Charge I. The government concedes that there is an unreasonable multiplication of charges for findings because appellant stole the trailer and the tools at the same time and place. The government does not object to appellant's requested remedy of dismissal of Specification 2 of Charge I. While we agree that Specifications 1 and 2 of Charge I are unreasonably multiplied, we hold that consolidation of the two specifications, rather than dismissal of Specification 2 of Charge I, is the appropriate remedy.

Appellant pled guilty to stealing a trailer of a value of more than $500.00 on 7 May 2013, the property of MPS, Geothermal, LLC [hereinafter MPS] (Specification 1 of Charge II). He also pled guilty to stealing 29 tools, each of a value of less than $500.00 on 7 May 2013, the property of MPS (Specification 2 of Charge I). The providence inquiry and the stipulation of fact establish that appellant intended to steal the trailer to move his wife from Fort Knox, Kentucky, to Ohio. One of appellant's friends, SPC WP, agreed to let appellant store the trailer in his barn. On 7 May 2013, appellant hooked the trailer to his truck and drove the trailer to SPC WP's barn. Once in the barn, appellant wanted to see what was inside the trailer. He cut the pad locks off the trailer doors with bolt cutters, looked inside of the trailer, and found the tools that formed the larceny charged in Specification 2 of Charge I. Appellant took the tools out of the trailer and left them in SPC WP's barn, fearing if he returned the tools to MPS, he might be caught.[*]

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

---

[*] SPC WP found the tools and tried to sell them to Mr. PP, an MPS supplier. Mr. PP became suspicious and called MPS and the Kentucky State police.

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338-39.

A larceny of "several articles. . . committed at substantially the same time and place . . . is a single larceny . . . ." *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 46.c(1)(i)(ii). "It is also the general rule that only a single theft is committed when the thief takes one article which contains other articles within it, as in the case of a purse containing a wallet, which in turn contains a sum of money." *United States v. Dicario*, 8 U.S.C.M.A. 353, 361, 24 C.M.R. 163, 171 (1957). The moment appellant stole the trailer, he came into unlawful possession of the tools inside of the trailer. Although appellant did not know what specifically was in the trailer at the time he stole it, he knew something might be in the trailer and wanted to see what was inside; when appellant arrived at SPC WP's barn, he immediately broke open the trailer doors and discovered the tools inside. Application of the *Quiroz* factors to the facts of this case lead us to conclude that Specifications 1 and 2 of Charge I were unreasonably multiplied for findings. *See Campbell*, 71 M.J. at 23 (noting that "one or more [*Quiroz*] factors may be sufficiently compelling, without more, to warrant relief on unreasonable multiplication of charges . . . .").

Appellant, with no government objection, asks that we dismiss Specification 2 of Charge I as a remedy for the unreasonably multiplied charges. While dismissal is an available remedy for unreasonable multiplication of charges, *see United States v. Roderick*, 62 M.J. 425, 433 (C.A.A.F. 2006), dismissal of appellant's conviction for larceny of the tools would provide appellant with a windfall under the facts of this case. The proper remedy to cure the unreasonable multiplication for findings is to consolidate Specifications 1 and 2 of Charge I.

**CONCLUSION**

Specifications 1 and 2 of Charge I are consolidated into a single specification, the Specification of Charge I, to read as follows:

> In that Sergeant (E-5) Joel T. Sharp, U.S. Army, did, at or near Fort Knox, Kentucky, on or about 7 May 2013, steal a Lark trailer and 29 tools, of a value of more than $500.00, the property of MPS, Geothermal, LLC.

SHARP—ARMY 20130998

The finding of guilty of the Specification of Charge I, as amended, is AFFIRMED. The finding of guilty of Specification 2 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4