UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, BERG, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class BRANDON L. MAULDIN
 United States Army, Appellant

 ARMY 20100647

 Headquarters, United States Army Maneuver Center of Excellence
 Stephen E. Castlen, Military Judge
 Lieutenant Colonel Jeffrey D. Lippert, Acting Staff Judge Advocate
 (pretrial and recommendation)
 Lieutenant Colonel Mary M. Foreman, Staff Judge Advocate (addendum)

For Appellant: Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA
(on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 30 September 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

BERG, Judge:

 In this case we address whether an appellant’s plea inter alia to
possession of “child pornography as defined in 18 U.S.C. § 2256(8)” is
provident. We find evidence in the record inconsistent with the plea that
is either unaddressed or inadequately developed during the plea colloquy.
We further find that there is a substantial basis in law or fact to
question the plea. Upon our review of the entire record we set aside
appellant’s plea to the improvident charge and specification and reassess
his sentence.

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of aggravated sexual assault of a child,
committing sodomy with a child under the age of 16, and possession of child
pornography, in violation of Articles 120, 125, and 134 of the Uniform Code
of Military Justice, 10 U.S.C. §§ 920, 925, and 934 [hereinafter UCMJ].
The military judge sentenced appellant to a bad-conduct discharge,
confinement for two months, and reduction to E1. The convening authority
approved the sentence.

 The parties submitted this case on the record without assignment of
error. We take no issue with appellant’s pleas to illicit sex and sodomy
with his under-aged girlfriend, G.P.[1]; those matters merit no discussion
other than to provide context for the possession of child pornography
charge. As noted above, however, we sua sponte find a substantial basis in
law and fact to question appellant’s plea to possession of images of
alleged child pornography which were “sexted” to appellant by his fifteen-
year-old girlfriend from her cellular phone[2] and that the military judge
abused his discretion by accepting appellant’s plea in part.

 FACTS

 The charge and specification in question alleged that appellant
“knowingly possess[ed] a Verizon LG VX11000 cellular telephone, containing
at least four (4) digital photographs constituting child pornography as
defined in 18 U.S.C. § 2256(8), which conduct was prejudicial to good order
and discipline or likely to bring discredit upon the armed forces.” The
images were not further described in the specification.
 The Providence Inquiry

 During appellant’s providence inquiry the military judge advised
appellant of the elements of the offense:

 First, that at Fort Benning, on or about 4 May 2010, you knowingly
 possessed certain material;
 Second, that at the time you knew the material you possessed contained
 child pornography as defined in 18 United States Code Section 2256(8);
 Third, that your acts were wrongful; and
 Fourth, that under the circumstances your conduct was to the prejudice
 of good order and discipline of the armed Forces or was of a nature to
 bring discredit on the armed forces.

 The military judge went on to explain that “child pornography” as
defined in 18 U.S.C. § 2256(8) meant:

 [A]ny visual depiction, including any photograph, film, video,
 picture, or computer or computer-generated image or picture, whether
 made or produced by electronic, mechanical, or other means of sexually
 explicit conduct, where the production of such visual depiction
 involves the use of a minor engaging in sexually explicit conduct; or
 such visual depiction is a digital image, computer image, or computer
 image (sic) of a minor engaging in sexual conduct.
 . . . .
 . . . . “[S]exually explicit conduct” means among other things
 actual or simulated lascivious exhibition of the genitals or pubic
 area of any person. (Emphasis added.)
 . . . . .
 . . . “Lascivious” means exciting sexual desires or marked by
 lust. Not every exposure of genitals or pubic area constitutes a
 lascivious exhibition. Consideration of the overall content of the
 visual depiction should be made to determine if it constitutes a
 lascivious exhibition. In making this determination, considered are
 such factors as whether the focal point of the depiction is the
 genitals or pubic area, whether the setting is sexually suggestive,
 whether the child is depicted in an unnatural pose or in inappropriate
 attire considering the child’s age, whether the child is partially
 clothed or nude, whether the depiction suggests sexual coyness or
 willingness to engage in sexual activity, whether the depiction is
 intended to elicit sexual response in the viewer, whether the
 depiction portrays the child as a sexual object, and any captions that
 may appear on the depiction or materials that accompany the depiction.
 A visual depiction, however, need not involve all these factors to be
 a lascivious exhibition.
 . . . .
 . . . This offense requires that you have knowingly possessed certain
 material and to have known that the material you possessed contained a
 visual depiction of minors engaging in sexually explicit conduct.

Following this litany of definitions, appellant acknowledged that he
understood them, had no questions about them, and appreciated that his plea
of guilty admitted that the elements and definitions taken together
“accurately describe what you did.”

 Appellant explained to the military judge how he met G.P. G.P. and
her cousin pulled up to where appellant and a friend were standing in a
barracks parking lot on 7 April 2010 and asked for directions. In the
course of assisting with directions they exchanged phone numbers. When
appellant returned to his barracks he received a text message from G.P.
asking if he wanted to “hang out.” G.P. asked appellant his age which he
truthfully responded as twenty-two, then she replied that she was eighteen.
 Their sexual relationship started the next evening but it was several more
days, while sitting in the driveway of G.P.’s house on 10 April 2010,
before appellant was advised by G.P.’s mother that she was only fifteen.
G.P.’s mother did not, however, discourage the budding liaison. It only
came to the attention of appellant’s chain of command after appellant
showed up at G.P.’s high school on 2 May 2010 and the school reported the
incident.

 At an undetermined point during this torrid but brief relationship,
G.P. “texted” several images of herself, apparently taken from within the
high school bathroom. Appellant stated that he viewed them only once,
storing them in a file titled “my wife” on his cell phone. By his
recollection to the military judge he described them, “[o]ne I know was of
her bare breast. One of them was of her midsection and another was of her
bare vagina.” After the military judge directed appellant to the
Stipulation of Fact appellant corrected himself and said that, “[i]t was
two of her upper torso and two of her lower body and her vagina.”[3]
Appellant stated that he did not ask G.P. to send the pictures but, because
of his feelings for her, he planned on keeping them.

 The military judge queried appellant whether the pictures were
produced in a way to “excite your lust or desire” and appellant responded,
“yes.” But when the military judge asked appellant whether in appellant’s
view, possession of these images was “wrongful,” appellant said, “no.”
Again, when asked whether appellant’s actions were prejudicial to good
order and discipline in the Army, appellant said, “no.” When the military
judge re-asked the question, appellant again answered in the negative,
“[i]t was not, your Honor.” Appellant then explained, “It wasn’t
satisfactory in the very least, Your Honor. I knew it was wrong at the
time. And my feelings and my judgment – my judgment was impaired by my
feelings, Your Honor. And I let it control me.” The military judge did
not immediately refocus appellant on the child pornography specification
and appellant continued to describe the general impact that his illicit
affair with G.P. had on his unit:

 When all of this began, Your Honor, there were, I guess, certain
 things that I could and could not do and because of those stipulations
 there was – it limited me in what I was able to accomplish at work.
 And in doing so it forced my chain of command to find some – another
 Soldier to accomplish the tasks that I was to do.

 The military judge did return to the child pornography and asked
appellant, “I want you to think for a moment and tell me how your actions
in possessing this child pornography was of a nature to bring discredit
upon the armed forces.” But appellant’s response was again to the general
situation of the affair, not the specific issue of the discrediting impact
of possessing the child pornography:

 Your Honor, if someone on the outside of the military was to know of
 this situation – because in my mind the military is held to a higher
 standard than the civilian world. If someone on the outside, civilian
 wise, was to learn of this it would look so bad on the military and
 bring so much discredit upon the military, Your Honor.

 From the record it is unclear whether the military judge’s next query
concerned the child pornography or the affair in general: “How many people
knew about this? As I understand there were some people who warned you
about this, as well, [G.P.’s] parents for example.” But appellant’s
response clearly addressed the affair in general, “[y]es, Your Honor. They
knew, [G.P.’s] cousin knew, and as far as anybody knowing in-depth details,
no one else knew, Your Honor.”

 LAW AND DISCUSSION

 The military judge correctly advised appellant of the definitions of
terms relevant to his plea based on the federal law incorporated into the
charge and specification. See 18 U.S.C. § 2256(8). The military judge
properly defined “lascivious” according to the factors adopted by our
higher court in United States v. Roderick, 62 M.J. 425, 429-30 (C.A.A.F.
2006).[4] These factors and definitions pertaining to a charge under the
federal statute concern the lascivious exhibition of the genitals and pubic
area. In this record at least two of the four alleged images of child
pornography were described as either a “bare breast” (appellant) or even
more benignly “upper torso” (Stipulation of Fact). Under the record in
this case, we are unable to find those images were “child pornography” as
defined under the federal statute.

 The record concerning the remaining images, “lower torso and vagina,”
is too sparse to permit us to conclude that they also meet the exacting
definition of “child pornography.” As our higher court told us in
Roderick, not every exposure of genitals or pubic area constitutes a
lascivious exhibition that would convert the images into depictions of
sexually explicit conduct. 62 M.J. at 430.

 We review a military judge’s acceptance of a guilty plea for an abuse
of discretion. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.
2008). “The providence of a plea is based not only on the accused’s
understanding and recitation of the factual history of the crime, but also
on an understanding of how the law relates to those facts. United States
v. Medina, 66 M.J. 21, 26 (C.A.A.F 2008)(citing United States v. Care, 18
U.S.C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). Here it is unclear
whether the parties were cognizant how the law about child pornography
related to the limited facts at hand.

 We also are confronted with the facial inadequacy of appellant’s Care
colloquy. Appellant denied that his conduct in conjunction with the
offending photographs was wrongful or prejudicial to good order or
discipline. His response to the query on whether his conduct was service
discrediting was at best ambiguous and we cannot discern whether he was
addressing the child pornography or his other, illicit conduct with his
girlfriend. The litany of leading questions at the conclusion of the Care
inquiry fails to convince us that the misunderstandings replete in the
child pornography portion of the guilty plea were somehow cured.

 CONCLUSION

 The finding of guilty of the Specification of Charge III and Charge
III is set aside and that charge and specification are dismissed. The
court affirms Charges I and II and their respective specifications.
Reassessing the sentence on the basis of the error noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), to include the factors Judge Baker identified in his concurring
opinion, the court affirms the sentence as adjudged.

 Senior Judge KERN and Judge YOB concur.

 FOR THE COURT:

 JOANNE P. TETREAULT ELDRIGDE
 Deputy Clerk of Court
-----------------------
[1] The record establishes that although the minor girl represented herself
as eighteen years old at the outset of the relationship, the twenty-two
year old appellant soon learned from her, her mother and her friends that
she was not yet sixteen years old. This news failed to dampen his ardor.
[2] “Sexting” is the act, often by minors, of sending sexually explicit
messages or images via cell phone. See
http://www.ncsl.org/default.aspx?tabid=22127.
[3] The Stipulation of Fact recites, “[d]uring the month of April [G.P.]
frequently sent text messages to the accused. These text messages often
contained photographs of her posing provocatively. Two of these
photographs depict her bare breasts, and two others depict her exposed
lower torso and vagina. Many of these photographs appear to have been
taken in the restroom at Chattahoochee County High School. The accused
kept these photographs in a folder on his phone labeled ‘my wife’.” The
one photograph of G.P. in the record, Prosecution Exhibit 2, shows G.P.
fully clothed in repose in an apparent outdoor setting.
[4] The Court in Roderick adopted the so-called Dost factors, derived from
United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal 1986).