CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG, and KRAUSS
Appellate Military Judges

## UNITED STATES, Appellee
v.
## Sergeant JUSTIN C. WIESENHOFER
## United States Army, Appellant

ARMY 20100041

Headquarters, U.S. Army Combined Arms Support Command Sustainment
Center of Excellence and Fort Lee
Denise R. Lind, Military Judge
Colonel Timothy J. Cody, Staff Judge Advocate (pretrial)
Lieutenant Colonel Martin N. White, Staff Judge Advocate (recommendation)
Colonel Paul E. Kantwill, Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura A. Kesler, JA; Captain Jennifer A. Parker, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Captain Kenneth W. Borgnino, JA; Captain Christopher L. Simons, JA (on brief).

23 November 2011

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BERG, Judge:

A military judge, sitting as a general* court-martial, convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, one specification of an indecent act, one specification of viewing child pornography, one specification of possessing a pornographic image of a female under the age of sixteen, two specifications of engaging in indecent language with a child under the age of sixteen, and one specification of destruction of property to prevent seizure, in violation of Articles 92, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, and 934 (2008) [hereinafter UCMJ], respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty months, and reduction to E1. The convening authority approved the adjudged sentence.

*Corrected

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two related assignments of error through counsel,[1] one of which merits discussion. In addition, we note that Specifications 3–5 of Charge I, setting forth violations of Article 134, UCMJ, do not expressly allege a terminal element. We have considered the Article 134 charge and specifications in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011),[2] and we have also considered appellant's assignments of error, the government's answer, the record of trial, and the matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[3] We find an inconsistency with appellant's plea and

---

[1] I. APPELLANT WAS NOT PROVIDENT TO POSSESSING AN IMAGE OF CHILD PORNOGRAPHY ON HIS CELLULAR PHONE BECAUSE THE IMAGE DOES NOT DEPICT SEXUALLY EXPLICIT CONDUCT.

II. THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 2 OF CHARGE I, WHERE THE PROVIDENCE INQUIRY FAILED TO ELICIT EVIDENCE THAT THE MISCONDUCT WAS PREJUDICIAL TO GOOD ORDER AND DISCIPLINE IN THE ARMED FORCES OR WAS OF A NATURE TO BRING DISCREDIT UPON THE ARMED FORCES.

[2] Appellant neither objected below nor on appeal to the adequacy of the Article 134 specifications. The specifications, which allege indecent language communicated to a child under the age of sixteen about sexual intercourse and sexual positions as well as one specification of destruction of property to prevent its seizure, can reasonably be construed, in the absence of objection, to imply that appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. The military judge advised appellant of the elements of each offense to include the terminal elements; appellant acknowledged his understanding of them; and appellant described why, in each instance, his conduct was both prejudicial to good order and discipline and service discrediting. Appellant had adequate notice of the offenses and is sufficiently protected against double jeopardy; no relief is warranted.

[3] Appellant personally complains of unreasonable post-trial delay. His complaint is not without justification. Trial took place on 22 January 2010 but the 130-page record of trial was not received by trial defense counsel until 29 July 2010, a passage of 189 days, and not authenticated by the military judge until 5 August 2010. The convening authority took action on 20 October 2010 after a twenty-day delay granted to the defense during the course of preparing Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106 matters for appellant. It took over 260 days to process the 130-page record of trial in this case, a presumptively unreasonable delay. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The court reporter supplied a statement in the record which, in gist, lists the substantial

(continued . . .)

with the military judge's finding concerning an image that was pornographic but was not child pornography. Accordingly, we will take corrective action in our decretal paragraph.

## BACKGROUND

TP, the fifteen-year-old cousin of appellant's wife, texted appellant a photograph of her breasts. Appellant possessed this photograph on his cellular phone and transmitted it to his Army Knowledge Online (AKO) government e-mail account in contravention of the Joint Ethics Regulation. Appellant was thereafter charged with, and pled guilty to, both possessing the photograph in violation of Article 134, UCMJ, and subsequently transmitting the photograph to his AKO account in violation of Article 92, UCMJ. The Article 134 specification charged the photograph as a "pornographic image," whereas the Article 92 specification inconsistently charged the same image as "child pornography." Although this photograph does not meet the definition of child pornography, *see United States v. Roderick*, 62 M.J. 425 (C.A.A.F. 2006), the military judge repeatedly referred to the photograph as "child pornography." Additionally the military judge incorporated by reference the definition of child pornography that she had used in describing other specifications that involved actual child pornography.[4]

---

(. . . continued)

number of cases she was transcribing and the inadequacy of any support she had to get the records out faster. While we commend the staff judge advocate for including this statement, *see id.* at 143, and sympathize with the burdensome workload, the reasons given are inadequate to justify the delay. *See, e.g.*, *United States v. Clevidence*, 14 M.J. 17 (C.M.A. 1982) (rejecting court reporter problems as an acceptable excuse). Appellant did not raise this issue in his post-trial matters submitted pursuant to R.C.M. 1105 and 1106, and he does not now point to any actual prejudice. However, inadequate justification for such delay permits potential relief under Article 66(c), UCMJ, even absent any "actual prejudice." *See United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010). We find on the basis of the entire record that the approved sentence is appropriate and, therefore, despite the excessive and unjustified post-trial delay, relief is not warranted.

[4] There is nothing in the record about the photograph except appellant's description of TP's image ("and then she sent me a picture of her breasts") and his admission that it was pornographic:

> MJ: Do you agree that that picture that you sent of [TP] involves pornography?

(continued . . .)

3

**LAW AND DISCUSSION**

*Providence of Appellant's Plea*

The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In considering the adequacy of guilty pleas, we consider the entire record to determine whether the requirements of Article 45, UCMJ, R.C.M. 910, and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), have been met. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002).

The government candidly acknowledges that the image in question does not meet the definition of child pornography and that the military judge enumerated additional elements concerning child pornography that were unnecessary. While we agree that the intent of the charge was "not to charge appellant with possessing child pornography," the problem is with the colloquy, not the charge. Even when the military judge asked appellant in conclusion, "do you admit that . . . you knowingly possessed an image of *child pornography* on your cellular phone or like device, to wit: a pornographic image of a female child under the age of 18 [sic]," the government sat by inertly and failed to bring the error to the attention of the court. The error likely was compounded by the government's decision to describe the same image as "child pornography" when it came to charging the offense involving the sending of the image to appellant's AKO account. Given the multiple references made by the military judge to definitions involving aspects of child pornography and the attendant confusion, we find a substantial basis to question the providency of appellant's plea. Accordingly, we will set aside his plea to Specification 2 of Charge I as improvident. This disposition moots appellant's second assignment of error.

We also take corrective action with respect to the specification of Charge III by deleting the word "child." We have no question as to appellant's providency and indeed he does not challenge his conviction on this specification. It is nonetheless evident in light of the government's concession that the image in this case was pornography, but not child pornography, and that the lawful general regulation was

---

(. . . continued)

    ACC: Yes, ma'am, I do.

    . . .

    MJ: And do you believe, by sending that picture of [TP] with bare breasts, that you violated that regulation?

    ACC: Yes, ma'am, I do.

violated by the receipt of pornography only. Appellant acknowledged that he sent this image to his AKO e-mail account and that the image was pornographic in violation of the very language of the regulation.

**CONCLUSION**

The finding of guilty of Specification 2 of Charge I is set aside and dismissed. Additionally, the court affirms only so much of the finding of guilty of the Specification of Charge III as finds that appellant "did, at or near Fort Eustis, Virginia, between on or about 1 September 2007 and 17 February 2008 violate a lawful regulation, to wit:  Paragraph 2-301 of the Joint Ethics Regulation, Department of Defense Regulation 5500.7-R, dated 30 August 1993, as amended on 25 March 1996, by using federal communication systems to receive pornography, a non-official, unauthorized use."  The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5