# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist GREGORY R. MIEDEMA**
**United States Army, Appellant**

ARMY 20110496

Headquarters, 25th Infantry Division and United States Division - Center
Kwasi L. Hawks, Military Judge
Colonel George R. Smawley, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief and reply brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA (on brief).

2 May 2013

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of willfully disobeying a superior commissioned officer, aggravated sexual assault of a child, adultery, obstruction of justice, and possession of child pornography in violation of Articles 90, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 934 (2006 & Supp. III 2009) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for seventy-eight months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for seventy-seven

months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[1]  The accused was credited with 343 days of confinement against the sentence to confinement.[2]

This case is before us for review under Article 66, UCMJ.  Appellant raises four assignments of error to this court.[3]  Three of appellant's assignments of error

---

[1] The convening authority disapproved the finding of guilty to adultery and approved the remaining findings of guilty.

[2]  The automatic and adjudged forfeitures were deferred effective 4 July 2011 and the deferment was terminated at action.

[3]

I.

WHETHER THERE IS A SUBSTANTIAL BASIS IN LAW OR FACT TO QUESTION SPECIALIST MIEDEMA'S PLEA OF GUILTY TO SPECIFICATION 1 OF ADDITIONAL CHARGE I WHERE THE MILITARY JUDGE FAILED TO PROPERLY ADVISE SPECIALIST MIEDEMA OF THE DEFINITION OF CHILD PORNOGRAPHY.

II.

WHETHER SPECIALIST MIEDEMA WAS PROVIDENT TO POSSESSING TEN OF THE IMAGES OF CHILD PORNOGRAPHY WHEN THE IMAGES DO NOT DEPICT SEXUALLY EXPLICIT  CONDUCT.

III.

WHETHER IT WAS A VIOLATION OF DUE PROCESS WHEN THE CONVENING AUTHORITY FAILED TO REASSESS SPECIALIST MIEDEMA'S SENTENCE, OR ORDER A SENTENCE REHEARING, AFTER DISAPROVING THE FINDING OF GUILT FOR A SPECIFICATION OF ADULTERY AND DISMISSING THAT SPECIFICATION.

(continued . . .)

merit discussion but only one merits relief.  Appellant's remaining assignment of error and those matters appellant personally raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**BACKGROUND**

In Specification 1 of Additional Charge I, appellant was charged with wrongfully possessing child pornography in violation of clause 1 or clause 2 of Article 134, UCMJ.[4]  During the providence inquiry, the military judge defined child pornography very broadly as "a depiction of a person under the age of 18 engage [sic] in sexual behavior." The military judge also referred to the depicted conduct as "somebody who is under the age of 18 engaged in some sexual act [.]"  However, after a request by trial counsel, the military judge clarified his definition of "child pornography" in the following colloquy with appellant:

> MJ: [W]hen I used the word "sex act," with regard to child pornography, the definitions are a little bit different.
> When we were talking about it earlier a 'sex act' is when a penis goes in the vagina.

---

(. . . continued)

IV.

> WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL FAILED TO MAKE A REQUEST TO THE CONVENING AUTHORITY TO DISAPROVE THE ADJUDGED FORFEITURES AND SUBSEQUENTLY SEEK WAIVER OF THE AUTOMATIC FORFEITURES.

[4]  Specification 1 of Additional Charge I alleged:

> In that [appellant], U.S. Army, did, between on or about February 1, 2010 and 13 July 2010, at or near Schofield Barracks, Hawaii, knowingly possess 13 videos and 259 images of child pornography, which conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

> With child pornography it's any sexual behavior to include what is called "lascivious exhibition," which means basically a person is posed in a way that makes people think of sex, even though there could be just one person in the picture. So, are you familiar with the magazine Playboy?
>
> ACC: Yes, Sir
>
> MJ: Okay, that depicts generally lascivious exhibition of adult women. So, a picture that you might see in Playboy but involving someone under the age of 18 is child pornography, because it's a picture that's designed to make somebody look at it and think "Oh, now I have sexual feeling [sic] because of the way that person is posed . . . ."
>
> . . . .
>
> So that includes, it could be as little as lascivious behavior as much as someone is actually having sex with a younger person.

In the stipulation of fact appellant admitted possessing specifically listed images of child pornography defined as the sexual exploitation of children and images which "depicted persons under the age of eighteen (18) years engaged in sexually explicit conduct namely: graphic sexual intercourse . . . or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited."

Appellant did not object to the definition of child pornography provided by the military judge and subsequently admitted he possessed child pornography as it was defined by the military judge.

## LAW AND DISCUSSION

In his first assignment of error, appellant alleges there is a substantial basis in law and fact to question the providency of his plea of guilty to possession of child pornography under clauses 1 or 2 of Article 134, UCMJ. Specifically, appellant argues the military judge provided an erroneous definition of "child pornography" when he failed to provide a definition mirroring that set forth in the Child Pornography Prevention Act, 18 U.S.C. §§ 2252 et seq. (2006) [hereinafter CPPA], and, as a result, appellant did not understand the offense to which he pleaded guilty.

A military judge, faced with an Article 134, UCMJ, clause 1 or 2 charge that on its face does not incorporate a federal child pornography statute, is not bound by the definitions provided in the federal statute. *See United States v. Barberi*, 71 M.J. 127, 129-30 (C.A.A.F. 2012) (finding that the military judge was not required to define child pornography in accordance with the CPPA in an Article 134, UCMJ, clause (1) or (2) charge). At the time of appellant's offense, child pornography was not a specified Article 134, UCMJ, offense.[5] Thus, in pleading guilty to a specification of possessing child pornography in violation of clause 1 or clause 2 of Article 134, UCMJ, appellant's providence inquiry must establish facts sufficient to support only two elements: (1) that appellant possessed child pornography; and (2) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*, 2008], pt. IV, ¶ 60.b.

"Conduct prejudicial to good order and discipline is conduct that causes a reasonably direct and palpable injury to good order and discipline." *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2006). To be service discrediting, appellant's conduct must "tend to bring the service into disrepute if it were known." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011).

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.

We find there is not a substantial basis in law or fact to question appellant's plea of guilty to possession of child pornography. The record reflects appellant understood the offense and provided an adequate factual predicate to support each element of the offense.

The military judge defined for appellant what child pornography meant in the context of this charge, establishing a spectrum of sexual behavior ranging from lascivious exhibition of a child to actual sexual intercourse with a child. After the military judge explained and discussed the provided definition of child pornography, appellant did not object to the definition nor did he seek to withdraw his plea of

---

[5] The possession of child pornography has since been specified as an offense under Article 134, UCMJ. *See Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*, 2012], pt. IV, ¶ 68.b.

guilty based on that definition. Rather, he readily admitted each depiction met the definition provided by the military judge.

The military judge seems to have utilized a combination of the *Dost* factors and the "totality of the circumstances" approach in his definition of a lascivious exhibition which would constitute child pornography. *See United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986); *United States v. Roderick*, 62 M.J. 425, 428-429 (C.A.A.F. 2006) (a combination of the "totality of the circumstances" and the *Dost* factors was adopted to determine whether a particular photograph depicted a lascivious exhibition of the genitals in a CPPA case). The definition includes all of the factors set forth in *Dost*, except for the one stating "the focal point of the visual depiction [be] on the child's genitalia or pubic area."[6] *Dost*, F. Supp. at 832. We disagree with appellant's argument that in a case involving clause 1 or clause 2, of Article 134, UCMJ, a lascivious exhibition must be of the genitals or pubic area to constitute child pornography.[7] Certainly, cases which apply the CPPA definition require the lascivious exhibition be of the genitals or pubic area. However, such is not necessarily the case for clause 1 or clause 2 of Article 134, UCMJ. *See Barberi*, 71 M.J. at 130 (an exhibition of the genitals or pubic area is required based on the definitions provided by the military judge). Accordingly, in this clause 1 or clause 2, Article 134, UCMJ, case, application of the *Dost* factors is not required but those factors are generally instructive in understanding what could constitute a lascivious

---

[6]  The *Dost* factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e.[,] in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexually coyness or a willingness to engage in sexual activity; (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost*, F. Supp. at 832

[7] We note, however, all of the images we affirm fully comport with all six of the *Dost* factors, including "the focal point of the visual depiction [being on] the child's genitalia or pubic area. *Dost*, 636 F. Supp. at 832.

exhibition.  In this case, the specification did not require, and all parties were in agreement to use a definition other than the one found in the CPPA.

Contrary to appellant's current argument, appellant was sufficiently instructed on the elements and understood the offense to which he pleaded guilty.  Appellant was on notice by virtue of both the specification and the providence inquiry that he was charged with a military offense under clause 1 or clause 2 of Article 134, UCMJ, and not a violation of a federal statute.  *See Id.*; *Roderick*, 62 M.J. at 428-429; *United States v. Mason*, 60 M.J. 15 (C.A.A.F. 2004).  Although the stipulation of fact does reference a violation of both the CPPA and Article 134, UCMJ, the specification at issue does not reference the CPPA and the military judge, on the record, ensured appellant understood he was not being charged with violating the federal statute and that the CPPA was not dispositive, or even at issue, in his case.  Accordingly, the military judge did not use definitions wholly consistent with the language set forth in the CPPA.

The military judge's definition of child pornography was not confusing and appellant knowingly and voluntarily agreed the depictions he possessed fell within the provided definition.  This is evidenced by the following dialogue wherein appellant admits the images fell within the boundary of the spectrum provided by the military judge:

> MJ : So, every single photo and every single video that we have been discussing that is described in Prosecution Exhibit 1, did all of them have some kind of sexual behavior involving someone under the age of 18?
>
> ACC: Yes
>
> MJ: So that includes, it could be as little as lascivious behavior as much as someone is actually having sex with a younger person.
>
> ACC: Yes, sir.

The military judge did not abuse his discretion in accepting appellant's plea. In light of the elements and definitions provided by the military judge and the facts provided by appellant through the stipulation of fact and the providence inquiry, appellant understood and admitted the images constituted child pornography. Further, appellant admitted his possession of the images were, as appellant insisted, prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

Appellant informed the military judge that:

7

> [c]hild pornography is sickening and I believe that my
> possession of child pornography was to the prejudice of
> good order and discipline and discredit to the armed
> forces. If members of my unit knew I possessed child
> pornography I believe they would not serve with me. I
> also believe that if the members of the public thought
> [s]oldiers possessed child pornography it would harm the
> Army's reputation and the public would think less of its
> Army.

Additionally, appellant admitted that he possessed child pornography in his residence in military family housing on Schofield Barracks, Hawaii, where he resided with his civilian wife and two step-daughters. Appellant's mother, a civilian, removed "everything to do with computers" from appellant's home in Hawaii and brought them to her home in Chicago, Illinois. Then, appellant instructed his mother not to look at one of the hard drives, and his mother said she would keep that hard drive containing contraband material hidden. Pursuant to a warrant obtained from the United States District Court Northern District of Illinois Eastern Division, the mother's home was searched and appellant's computer's seized and analyzed by U.S. Immigrations and Customs Enforcement. Appellant informed his civilian spouse that he viewed child pornography and that it was found in his mother's home. Finally, as the stipulation of fact acknowledges, the known children depicted in the images continue to be victimized by individuals such as appellant who possess images of their sexual exploitation.

Accordingly, we find that appellant's plea establishes the terminal element. We find there is not a substantial basis in law or fact to question appellant's plea of guilty to possession of child pornography in violation of Article 134, UCMJ.

However, while we find the military judge was not required to utilize the definition of child pornography set forth in the federal statute in this case, we find it was error for the military judge to apply the maximum punishment set forth in the CPPA. In *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011), the Court of Appeals for the Armed Forces (CAAF) noted that:

> [w]hen confronted with Article 134, UCMJ, offenses not
> specifically listed, that are not closely related to or
> included in a listed offense, that do not describe acts that
> are criminal under the United States Code, and where
> there is no maximum punishment 'authorized by the
> custom of the service,' they are punishable as 'general' or
> 'simple' disorders, with a maximum sentence of four
> months of confinement . . . .

*Id*. at 45.

At the time of appellant's court-martial, child pornography was not a listed offense under Part IV of the *MCM*, and the military judge defined child pornography in a manner which was more expansive than the definitions provided in the CPPA. *Id*. at 42; *MCM*, 2008, pt. IV; 18 U.S.C. §§ 2252-2256. Therefore, because the offense amounts to merely a general disorder under Article 134, UCMJ, the maximum punishment includes only four months of confinement and forfeiture of two-thirds pay per month for four months. In determining the effect of this error on the sentence, we note the sentencing landscape remains unchanged due to the aggravating nature of the child pornography combined with the remaining offenses for which appellant stands convicted, which include having sexual intercourse with his fifteen year old step-daughter on divers occasions and continuing the sexual relationship in violation of a no contact order.

In his second assignment of error, appellant argues 10 of the 259 images appellant was convicted of possessing do not depict child pornography as it was defined by the military judge. The government concedes 3 of the 10 images set forth by appellant do not depict child pornography, but argues the remaining 256 images adequately meet the definition provided by the military judge. After reviewing the evidence in this case, we find 11 of the 259 images (although they do not include the exact same 10 listed by appellant) listed in the stipulation of fact do not depict children posed in a "lascivious" manner or engaged in "sexual behavior" and, therefore, do not depict child pornography as it was explained to appellant by the military judge.[8] We further find the remaining 248 images and 13 videos appellant was convicted of possessing are, in fact, child pornography as defined by the military judge. Accordingly, we will take appropriate action in our decretal paragraph.

In his third assignment of error, appellant argues the convening authority committed prejudicial error when he failed to reassess appellant's sentence or order a sentence rehearing after dismissing the adultery specification at action. We find the convening authority dismissed the adultery specification and reduced appellant's

---

[8] Contrary to appellant's admission of guilt, we find the following images, listed in the stipulation of fact, do not constitute "child pornography" as it was defined by the military judge: (1) Page 6, para. g.3, file #76; (2) page 6, para. g.3, file #86; (3) page 7, para. g.3, file #109; (4) page 7, para. g.3, file #119; (5) page 7, para. g.3, file #125; (6) page 8, para. g.3, file #264; (7) page 9, para. g.4, file #7; (8) page 9, para. g.5, file #35; (9) page 11, para. g.5, file #212; (10) page 9, para. g.4, file #8; (11) page 6, para. g.3, file #84.

sentence to confinement by one month as a matter of clemency and not as a result of harmful legal error. *See United States v. Bonner*, 64 M.J. 638, 640 (Army Ct. Crim. App. 2007) ("An important distinction exists between sentence relief based on legal error and sentence relief as an act of clemency."); *See also United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012). Therefore, we find the convening authority did not commit error when he did not order a sentence rehearing or explicitly reassess the sentence in appellant's case.

**CONCLUSION**

The court amends and affirms only so much of the finding of guilty of Specification 1 of Additional Charge I as finds that the appellant "did, between on or about February 1, 2010 and 13 July 2010, at or near Schofield Barracks, Hawaii, knowingly possess 13 videos and 248 images of child pornography, which conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the modified finding, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence as approved by the convening authority is AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court