# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MATTHEW N. WATKINS**
**United States Army, Appellant**

ARMY 20140275

Headquarters, 8th Theater Sustainment Command
James W. Herring, Jr., Military Judge (arraignment)
Craig S. Denney, Military Judge (motions hearing)
Andrew J. Glass, Military Judge (trial)
Colonel Paul T. Salussolia, Staff Judge Advocate (pretrial)
Colonel Anthony T. Febbo, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).


26 May 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A panel composed of enlisted and officer members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of sexual assault of a child and one specification of possession of child pornography in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C §§ 920b and 934 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, one year of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the findings and sentence as adjudged.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, two of which merit discussion and one of which merits relief. We find the issues raised by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be without merit.

## BACKGROUND

While living at Schofield Barracks in Hawaii, appellant began to exchange electronic messages with Miss E.-K. on the social networking website "MeetMe.com." On her main personal profile page on the website (a truncated profile page), Miss E.-K. portrayed herself as nineteen years old. On her full profile page - a separate page link - Ms. E.-K. wrote, "Hey guys . . . I am actually 15 not 19." Miss E.-K. was actually fourteen years old at the time. At trial, the government introduced forensic evidence showing appellant accessed both the abridged and full profile pages of Miss E.-K. on the MeetMe.com website.

Appellant and Miss E.-K. exchanged several electronic messages over both computer and cell phone over a few weeks, during which appellant requested Miss E.-K. to send him a naked photo of herself. Miss E.-K. obliged and sent appellant a full front nude photograph of herself, which she had taken standing in front of her bathroom mirror. The photograph was sent from her cell phone to his cell phone through a text messaging program.

After receiving the photograph, appellant invited Miss E.-K. over to visit him at Schofield Barracks. When she arrived at his barracks, appellant and Miss E.-K. had sexual intercourse. For his misconduct, appellant was charged with and convicted of a sexual act with a child over the age of twelve but under the age of sixteen and possession of child pornography.

## DISCUSSION

*Factual and Legal Sufficiency - Child Pornography*

In the Specification of Charge II, appellant was charged with possessing an image of Miss E.-K. that constitutes child pornography. In his first assignment of error, appellant asserts that the Specification of Charge II is legally insufficient where the image possessed by appellant was not "child pornography." We disagree.

To sustain a conviction for possessing child pornography the government must prove that appellant "knowingly and wrongfully possessed . . . child pornography;" and that said conduct "was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 68b.b.(1).

"Child pornography" is defined as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *MCM*, pt. IV, ¶ 68b.c.(1).

*MCM,* pt. IV, ¶ 68b.c.(7) defines "sexually explicit conduct" as:

> (a) sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (b) bestiality;
>
> (c) masturbation;
>
> (d) sadistic or masochistic abuse; or
>
> (e) lascivious exhibition of the genitals or pubic area of any person.

In this case, the photograph does not fall into the first four categories, thus our focus is on (e) – whether the photograph sent by Miss E.-K. to appellant constitutes a "lascivious exhibition of the genitals or pubic area of any person."

To assist this court in deciding whether an image constitutes a "lascivious exhibition," our superior court embraced the factors recognized in *United States v. Dost*, 636 F.Supp 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). The *Dost* factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) whether the child is fully or partially clothed, or nude;
>
> (5) whether the visual depiction suggests coyness or a willingness to engage in sexual activity; [and]
>
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

3

*United States v Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006) (quoting *Dost*, 636 F.Supp. at 832).

In addition, our superior court has recognized "there may be other factors that are equally if not more important in "determining whether a photograph contains a lascivious exhibition . . . by combining a review of the *Dost* factors with an overall consideration of the totality of the circumstances." *Roderick,* 62 M.J. at 430.

The image of child pornography which appellant stands convicted of possessing is a photograph of Miss E.-K. taken by herself with her cell phone camera facing the bathroom mirror. The backdrop of the photograph is neither provocative nor unprovocative and it is not an uncommon setting for a self-taken picture. The angle of the photograph captures the details of her naked body centered in the frame; her pubic area and bare breasts constitute the focal point of the picture. The child's pubic area is discernable, visible, and unobscured. She is holding the cell phone camera in her left hand to snap the picture and positioning her right hand behind her tilted head in what appears to be an unnatural coy poise, staring directly at the camera. Her facial expression, while not a full smile, features upturned corners of her mouth giving the appearance of indicating favor or a pleasant agreeable affect.

While we acknowledge Miss E.-K. stated in testimony she was not trying to be sexy in the photograph, we do not find her intent dispositive. Appellant's intent is also relevant in our assessment of the totality of the circumstances. *See Roderick,* 62 M.J. at 430. It is clear appellant solicited the photograph for his sexual pleasure.

We therefore conclude based on the *Dost* factors and the totality of the circumstances that the photograph meets the statutory definition of "lascivious display of genitals or pubic area." Therefore, we find appellant's possession of said photo constitutes a legally and factually sufficient charge.

*Dilatory Post-Trial Delay*

The convening authority took action 356 days after the conclusion of appellant's court-martial. Of that delay, twenty days are attributable to the defense, and 336 days are attributable to the government. *See* Rule for Courts-Martial 1105. The record of trial in this case consists of five volumes, and the trial transcript is 668 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613,

617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court